No. 20,017.

THE STATE OF KANSAS, *Appellee*, v. MARY ANN SMITH, *Appellant.*

### SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Illegal Sales—Knowledge of Prosecuting Officers.* The law does not require the state to disclose in the first instance that the prosecuting officers in a liquor prosecution had notice or knowledge of the offense when the complaint was sworn to.

2. SAME. In this case the record does not affirmatively show that neither the prosecuting officer nor the complaining witness had notice or knowledge of the offense when the complaint was filed.

3. SAME—*Trial—Instruction not Erroneous.* Instructions examined and held not subject to the objection that they authorized convictions for offenses not charged.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed July 10, 1915. Affirmed.

*J. F. Corder*, of Salina, for the appellant.

*S. M. Brewster*, attorney-general, and *L. W. Hamner*, county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The complaint against Mary Ann Smith contained three counts charging sales of intoxicating liquor; the other was the ordinary nuisance charge. She was convicted on all four counts and appeals.

It is seriously contended that the conviction on the first count, which charged a sale to Andrew Nolan, can not stand because Andrew testified that he had never told the officers where he bought the liquor until he gave his testimony at the trial; and, therefore, it is argued that defendant was convicted of an offense of which neither the prosecuting officer nor the complaining witness had knowledge or notice when the information was filed. The mere fact that Nolan made no statement to the officers would not, of course, establish lack of knowledge on their part. The complaint was sworn to by C. H. Burke, city marshal of Salina, who was a witness. The evidence shows that as soon as Nolan left the place with the liquor the marshal took it away from him. No effort appears

Murphy v. Gas & Oil Co.

to have been made to show that the prosecuting officers did not in fact have notice or knowledge of the offense. The law does not require an affirmative showing by the state that the prosecuting officers had notice or knowledge of the offense, nor require them to disclose the source of their knowledge. The presumption is that the officer who swore to the complaint possessed the necessary information to give him notice. Of course, the presumption is, like others, rebuttable.

There is even less merit in the contention that instructions 11 and 12 authorized convictions of sales of intoxicating liquors to "any persons." The instructions are not given in the abstract but they appear in a counter-abstract, and both required the jury to find from the evidence beyond a reasonable doubt that the defendant sold intoxicating liquor as testified by witnesses named and as charged in counts second and third.

We find no error in the record and the judgment is affirmed.